VICTAULIC CO. OF AMERICA, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 79-5-00823

Before BERNARD NEWMAN, *Senior Judge.*

---

[24] Whether this court has jurisdiction to grant relief regarding unfairly competing imports is an open question upon which this court expresses no opinion. The court does not wish to imply by this discussion that plaintiff has an unfair competition claim.

(Dated August 21, 1984)

*Fitch, King & Caffentzis (Richard C. King, Esq., of counsel)* for plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, and *Michael P. Maxwell, Esq.* for defendant.

BERNARD NEWMAN, *Senior Judge:*

## INTRODUCTION

By its present motion under Rule 37(a) of the rules of this Court, plaintiff seeks to compel defendant to further answer three of plaintiff's second set of interrogatories served on April 11, 1984. On July 10, 1984 defendant served its responses to the interrogatories, but plaintiff asserts that the answers to paragraphs 13, 14, and 15 are "insufficient" in that defendant did not supply the requested information.

## BACKGROUND

The merchandise at issue consists of malleable cast-iron pipe fittings, known as Victaulic couplings, imported from Canada through the Port of Newark, New Jersey, which couplings are used

to join two lengths of pipe. The imports were classified by Customs as malleable cast-iron fittings advanced in condition by operations or processes subsequent to the casting process, under item 610.74, Tariff Schedules of the United States (TSUS). Plaintiff contends that the imports are classifiable as malleable cast-iron fittings, not advanced in condition by operations or processes subsequent to the casting process, under item 610.70, TSUS.

It is agreed by the parties that the central issue on the merits is whether the imported castings have been "advanced in condition by operations or processes subsequent to the casting process." Specifically, the factual question presented is whether the removal of burrs, fins, gates, sprues, risers, cleaning and straightening of the castings, and grinding for the removal of excrescences, occur "subsequent to the casting process", as contended by defendant. *See, e.g., United States* v. *Philipp Overseas, Inc.,* 68 CCPA 43, C.A.D. 1263, 651 F.2d 747 (1981); *United States* v. *Baron Tube Co.,* 47 CCPA 69, C.A.D. 730 (1960); *Commercial Shearing & Stamping Co.* v. *United States,* 65 Cust. Ct. 91, C.D. 4060, 317 F. Supp. 750 (1970), *aff'd.,* 59 CCPA 203, C.A.D. 1067, 464 F.2d 1048 (1972); and *Klockner Inc.* v. *United States,* 8 CIT 3, Slip Op. 84–81 (July 6, 1984).

### Interrogatory 13

Paragraph 20 of the complaint alleges in substance that the removal of burrs, fins, gates, sprues, risers, cleaning and straightening of the casting, and grinding for removal of excrescences must occur before a merchantable casting exists. In its answer, defendant denies this allegation.

Interrogatory 13 and defendant's response read:

> 13. State the factual basis for defendant's denial of ¶ 20 of the complaint.
>
> > The merchandise is a "malleable cast-iron fitting" prior to being subjected to the processes enumerated in paragraph 12 through 19 of plaintiff's complaint. Said merchandise may therefore be merchantable prior to undergoing these processes.

Plaintiff contends that the above answer is insufficient in that it consists of opinion or conjecture, and is unsupported by any recitation of fact. Defendant urges that its response to interrogatory 13 was adequate in light of the breadth and ambiguity of the interrogatory.

The Court agrees with defendant's position. Plainly, by its denial of plaintiff's allegation in paragraph 20 of the complaint, defendant's factual position is that a merchantable casting may exist prior to being subjected to the processes enumerated in paragraphs 12 through 19 of plaintiff's complaint. Unfortunately for plaintiff, interrogatory 13 fails to direct the Government's response into any specific factual channel (*e.g.,* sales use, etc.). If plaintiff desired a

factually specific response, it should have submitted a fact-specific question; Victaulic cannot now complain that its broad interrogatory 13 did not elicit specific facts.

Accordingly, plaintiff's motion to compel respecting interrogatory 13 is denied.

### Interrogatory 14

Interrogatory 14 and defendant's answer read:

> 14. Identify all known sellers of malleable cast-iron pipe and tube fittings who sell such castings without having *all* of the operations described in ¶ 12 through 19 of the complaint [removal of burrs, fins, gates, sprues, risers, cleaning and straightening of the castings, and grinding for the removal of excrescences] performed on those castings, identifying for each such seller the casting so sold, and the operations described which are not performed on those castings. [Emphasis in original.]
>
> The Government cannot possibly know the identity of all sellers, importers and domestic producers of malleable cast-iron pipe fittings and whether the referenced operations were or were not performed in each instance. With respect to imports (it may not be known whether the importations were for resale or consumption) the Customs Service's records indicate that from January, 1982 to approximately the present over 200 entries in over 20 different ports of entry have involved merchandise which was entered under item 610.70. Thus, gathering the information requested is unduly burdensome and not likely to lead to the discovery of relevant and/or admissible evidence.
>
> Moreover, information regarding specific products or sellers of specific products is trade secret information which may be privileged as to disclose confidential information from entry papers is prohibited by law.

As apparent from the above, interrogatory 14 requests defendant to identify "all known sellers" of malleable cast-iron pipe and tube fittings, which fittings did not have all of the operations described in paragraphs 12 through 19 of the complaint performed on the castings. As aptly pointed out in defendant's answer to interrogatory 14, the Government cannot possibly know whether all the referenced operations were performed in the case of a particular seller; and regarding imports, it may not be known whether they were for resale or consumption. Hence, we need not reach defendant's further objections to interrogatory 14 on the grounds that the information sought would be burdensome to gather, would be irrelevant and may be privileged.[1]

---

[1] Nonetheless, it should be pointed out that defendant's reliance upon 18 U.S.C. § 1904 in support of its claim of privilege is totally misplaced since the cited provision concerns criminal penalties for disclosure of information or speculation in securities affecting the Reconstruction Finance Corporation.

However, the Court is of the opinion that defendant's offer to furnish plaintiff with a computer print-out provides a reasonable response to the interrogatory. In this connection, defendant has offered to disclose the entry numbers, ports of entry and the names of the importers of record for all merchandise entered under item 610.70, TSUS from January 1982 to the present. Consequently, plaintiff's motion to compel discovery relative to interrogatory 14 is granted to the extent that defendant will provide plaintiff within thirty days of this order with a computer print-out disclosing the entry numbers, ports of entry, and names of the importers of record for all merchandise entered under item 610.70, TSUS from January 1982 to the present.

### *Interrogatory 15*

Interrogatory 15 and its answer read:

> 15. Identify ten different imported malleable cast-iron pipe or tube fittings which were classified under TSUS item 610.70, including those imported at at least five ports of entry, which have not been advanced in condition by operations or processes subsequent to the casting process.
>
> Such merchandise has been entered and most likely liquidated under item 610.70 at, among other ports, the following five ports:
> (1) Cleveland
> (2) Chicago O'Hare
> (3) Los Angeles
> (4) Miami
> (5) New York Seaport
> The identification of such merchandise may be privileged information.
>
> Moreover, this interrogatory is burdensome and not calculated to lead to the discovery of relevant and/or admissible evidence.

Defendant contends that interrogatory 15 "is so ambiguous as to be meaningless because it is impossible to determine what plaintiff wants 'identified,' or how one identifies a pipe or tube fitting." The Court agrees. Indeed, the interrogatory in question is totally devoid of any direction as to the manner in which defendant is required to identify "different" pipe or tube fittings classified under item 610.70, TSUS (*i.e.* identification by entry number, physical description, invoice description, trade name, manufacturer, etc.). Nor is interrogatory 15 clear as to what plaintiff intends by use of the term "different". Defendant has already identified five ports where the merchandise has been entered and "most likely liquidated under item 610.70;" but it remains unclear how many entries defendant would be required to retrieve and examine to definitively identify ten "different" malleable cast-iron pipe or tube fittings classified under TSUS item 610.70. Under the foregoing circumstances, plain-

tiff's motion to compel discovery respecting interrogatory 15 is denied.

### CONCLUSION

In view of the conclusions reached, it is hereby ordered:

(1) Plaintiff's motion to compel discovery with respect to interrogatory 13 is denied;

(2) Plaintiff's motion to compel discovery with respect to interrogatory 14 is granted to the extent that defendant shall provide plaintiff within thirty days of the entry of this order with a computer print-out disclosing the entry numbers, ports of entry, and names of the importers of record for all merchandise entered under item 610.70, TSUS from January 1982 to the present;

(3) Plaintiff's motion to compel discovery with respect to interrogatory 15 is denied; and

(4) Plaintiff may serve additional interrogatories consistent with this opinion.